United States District Court
Southern District of Texas
**ENTERED**
June 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAROLE BAKER, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-24-1145 |
| § | |
| AMERICAN ECONOMY INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

**I.    Background**

In January 2023, Carole Baker's home and contents suffered storm damage. (Docket Entry No. 2 at 1). She filed an insurance claim with American Economy Insurance Company, which had issued her homeowner's policy, to recover her covered losses. (*Id.*). American Economy sent two independent companies to inspect the residence and analyze mitigation and buildback costs. (Docket Entry No. 5 at 2). Following these inspections and the reports on the estimated costs, American Economy paid Baker in accordance with these estimates. (*Id.*).

In a series of emails from May to July 2023, Baker contacted American Economy with her own estimates of mitigation and buildback costs based on quotes from a different inspector. Baker asked American Economy to supplement its preceding payment based on the estimates from her own inspector. (Docket Entry No. 5 at 3). Baker also asked American Economy to reopen her claim for damage to her roof, which had previously been denied. (*Id.*). American Economy sent Baker a revised repair estimate and made an additional payment based on the estimate she submitted. (Docket Entry No. 6-1).

In January 2024, Baker asked American Economy to reimburse her for the costs she incurred for contents storage and mitigation. (Docket Entry No. 6-5). Baker acknowledged that American Economy had issued payment for mitigation previously, "but not before interest began accruing on the outstanding amounts." (*Id.*). In response, American Economy requested an update on the status of repairs. (*Id.*). Baker stated that mitigation was complete and that sheetrock repairs were beginning. (*Id.*).

In February 2024, Baker sued American Economy, claiming that the payments under the policy had been inadequate, breaching the policy and giving rise to violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. (Docket Entry No. 1-3).

In April 2024, American Economy filed a motion to preclude attorneys' fees. (Docket Entry No. 2). Based on the pleadings, the briefing, and the applicable law, the motion is granted. The reasons are set out below.

**II.     The Legal Standard**

Section 542A.003 of the Texas Insurance Code requires a "presuit notice stating the specific amount alleged to be owed by the insurer" "on the claim for damage to or loss of covered property." TEX. INS. CODE §§ 542A.003, 542A.007(d). The plaintiff must provide presuit notice "at least 61 days" before filing suit. *Id.* The 61-day cutoff is a bright line rule that allows few exceptions. The requirement to state a "specific amount" is not excused merely because the amount is "easily calculable." *Gilbane Bldg. Co., Inc. v. Swiss Re Corp. Sols. Elite Ins. Co.*, No. CV H-22-2369, 2023 WL 2021014 (S.D. Tex. Feb. 15, 2023). A plaintiff who fails to provide adequate

presuit notice is barred from recovering "any attorney's fees incurred after the date the defendant files the pleading with the court." § 542A.007(d).

The purpose of § 542A.007(d)'s presuit notice requirement is to "discourage litigation and encourage settlements of consumer complaints." *Compound S., LLC v. State Auto. Mut. Ins. Co.*, No. 5:23-CV-070-H-BQ, 2024 WL 858011, at *3 (N.D. Tex. 2024). Accordingly, courts in this district have held that adequate presuit notice cannot be given until the insurer has made a "final coverage decision" on the insurance claim. *Henry v. Nationwide Prop.*, No. CV H-23-2488, 2023 WL 6049519, at *2 (S.D. Tex. Sept. 15, 2023). This requirement fulfills the legislative purpose of discouraging litigation until an insurance claim is investigated to conclusion and any dispute is clearly identified.

**III.     Analysis**

Baker's presuit notice fails to state "the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2)." TEX. INS. CODE § 542A.007(d). Baker points to a series of emails she sent American Economy between May and July 2023 containing a contractor's estimate of the cost of damages to the property. (Docket Entry No. 5 at 3). The emails did not specifically state the amount Baker asserted American Economy owed. (*Id.*). It is possible to calculate the difference between the total amount Baker demanded based on the various estimates she received and the total amount American Economy paid, or the difference between the total amount American Economy paid and the unpaid amount of Baker's latest estimates. But a valid presuit notice must contain a "specific amount," not merely information sufficient to calculate a specific amount.

3

*Gilbane*, 2023 WL 2021014 at *2; TEX. INS. CODE §§ 542A.003(b)(2), 542A.007(d); (Docket Entry No. 5 at 3). Baker failed to give notice that contained a specific amount.

To the extent *Nisha Hospitality LLC v. Scottsdale Insurance Company*, 2022 WL 17417995 (N.D. Tex. Dec. 2, 2022), is to the contrary, the court finds its reasoning unpersuasive. Valid presuit notice must contain "the specific amount alleged to be owed by the insurer." § 542A.003(b)(2). This requirement is not satisfied by the trading of estimates that often occurs during the adjustment process. Such trading is an ordinary part of the claims process, but it does not fulfill the purpose of presuit notice of "discourag[ing] litigation and encourag[ing] settlements." *Compound S.*, 2024 WL 858011, at *3.

Further, Baker's emails to American Economy from May to July 2023 were too premature to constitute valid presuit notice. After American Economy issued the additional payment in the Summer of 2023—after the alleged presuit notice—Baker did not give any indication that she disputed the amount. It was not until January 2024 that Baker notified American Economy that it had underpaid for contents storage and had not paid accrued interest on outstanding mitigation charges. (Docket Entry No. 6-5). Baker gave no other indication that she disputed the amounts paid until she filed suit in February 2024.

Because Baker did not provide American Economy with valid presuit notice, she is precluded from recovering attorneys' fees incurred in this case after April 19, 2024, the date

4

American Economy filed its motion to preclude attorneys' fees. TEX. INS. CODE §§ 542A.003(b)(2), 542A.007(d).

IV. **Conclusion**

American Economy's motion to preclude attorneys' fees is granted. (Docket Entry No. 2).

SIGNED on June 20, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge